**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**EDGAR CHARLES MOSLEY**                                             **PETITIONER**

**v.**                                                       **No. 4:05CV277-D-B**

**WARDEN PARKER, ET AL.**                                             **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on *pro se* petition of Edgar Charles Mosley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The petitioner states in his federal petition that the direct appeal of the conviction he challenges is currently pending before the Mississippi Supreme Court. As such, the petitioner has not exhausted his state remedies as required under 28 U.S.C. § 2254(b)(1). *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)).

A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine "giv[es] the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Thus, as the Mississippi Supreme Court has not reviewed the claims in the instant petition, it is hereby **DISMISSED** for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 31st day of January, 2006.

 /s/ Glen H. Davidson
CHIEF JUDGE